UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
**JEROME SMITH**,                                               :
                                                                :
                       Petitioner,  :
                                                                :  **MEMORANDUM DECISION AND**
            – against –                                :  **ORDER**
                                                                :
                                                                :  22-CV-201 (AMD) (LB)
                                                                :
**MARK MILLER**, Superintendent Green Haven,                    :
Correctional Facility                                           :
                                                                :
                                                                :
                     Respondent.  :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The *pro se* petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges aspects of his March 28, 2017 state court burglary conviction and subsequent resentencing. (ECF No. 1 at 1.) On April 26, 2022, the respondent moved to dismiss the petitioner's claims without prejudice for lack of exhaustion. (ECF No. 8 at 1.) For the following reasons, the respondent's motion is granted.

## BACKGROUND[1]

      On October 29, 2015, the petitioner burglarized a house in Queens; he threatened to kill its 71-year-old resident, and stole her jewelry, cash and credit card. (ECF No. 11-2 at 125, 146 ("SR").) After the petitioner fled, the victim called 911 and described the petitioner. (*Id.* at 125.) When the police arrived, the victim's neighbor told them he saw the petitioner drive away

---

[1] Because the petitioner was convicted at trial, the Court considers the evidence in the light most favorable to the prosecution. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution.").

in a Lexus. (*Id.*) Minutes later, the police found the petitioner sitting in a Lexus, less than one mile from the victim's house. (*Id.* at 126.) The police frisked him, and found some of the victim's jewelry and cash in his pocket. (*Id.*) The police also saw the victim's jewelry box and credit card in the car. (*Id.*) Shortly thereafter, the victim's neighbor identified the petitioner as the man he saw fleeing the victim's house. (*Id.*)

The petitioner was charged with first- and second-degree burglary, second- and third-degree robbery, second-degree assault, fourth-degree grand larceny, and fourth-degree criminal possession of stolen property. (*Id.* at 126-27.) He insisted at the pre-trial suppression hearing that he wanted to represent himself, because his lawyer was not "doing anything for me. She's not in my best interest, so I do not want her." (*Id.* at 128.) The petitioner also refused the court's offer to assign a different lawyer, and said that he would reject every attorney the court appointed. (*Id.* at 129, 132.) After extensive questioning, the court found that the petitioner knowingly and voluntarily waived his right to an attorney, but also assigned the petitioner a "legal advisor." (*Id.* 137, 139.) At a later hearing, the petitioner demanded that the legal advisor leave the courtroom. (*Id.* at 138.) At subsequent hearings, and before the start of each trial day, the court confirmed the petitioner still wanted to represent himself; the petitioner was adamant he wanted to proceed *pro se*. (*Id.* at 143.)

Before trial, the petitioner moved to suppress the neighbor's identification and the victim's property, which the police recovered during the arrest. The court denied the motions after a hearing. (*Id.* 152-53.) At trial, the victim testified that the petitioner cut and scratched her when he tore off her jewelry, and hurt her neck when he put her in a headlock. (*Id.* 158-59.) The petitioner moved to dismiss the charges, claiming that the People had not established physical injury. (*Id.* 38.) The trial court denied the motion, ruling that the issue of physical injury was a

2

factual question for the jury. (*Id.*) The jury found the petitioner guilty of first-degree burglary, second-degree robbery, fourth-degree grand larceny, and fourth-degree criminal possession of stolen property. (*Id.* at 43.)[2] The court denied the petitioner's motion to set aside the verdict. (*Id.* at 43-44.)

The court sentenced the petitioner as a persistent violent felony offender to concurrent terms of 25 years to life on the burglary and robbery counts, and two to four years on the grand larceny and criminal possession of stolen property counts. (*Id.* at 48.)

The petitioner, represented by appellate counsel, appealed his conviction and sentence to the Appellate Division, Second Department, claiming that he was denied a speedy trial, and that the trial court should have suppressed the identification and physical evidence. (*Id.* at 17-18.) He also claimed that his decision to represent himself was not knowing and intelligent, and that the trial court should not have permitted the prosecutor to exercise a peremptory challenge after the petitioner expressed satisfaction with the panel. (*Id.*) The petitioner challenged the sufficiency of the evidence and the court's determination that he was a persistent violent felon. (*Id.*)

The Second Department concluded that the court should have suppressed the evidence the police took from the petitioner's pocket, but found that the error was harmless in view of the overwhelming evidence against him. *People v. Smith*, 187 A.D.3d 944, 945-48 (2d Dep't 2020). The court also found that the petitioner's decision to represent himself was knowing and voluntary, and that he did not preserve his jury selection claim. *Id.* Furthermore, the Second Department found the evidence was "legally insufficient to establish, beyond a reasonable doubt, that the [victim] sustained a 'physical injury,'" which was an element of the first-degree burglary

---

[2] The court dismissed the second-degree burglary and third-degree robbery charges as lesser-included offenses. (*Id.*)

and second-degree robbery counts; the court reduced the first-degree burglary and second-degree robbery convictions to second-degree burglary and third-degree robbery, respectively. *Id.* at 944. In addition, the Second Department found that the sentencing court "erred in adjudicating [the petitioner] as a persistent violent felony offender." (*Id.*) Accordingly, the appellate court remanded the case for resentencing. *Id.* On February 11, 2021, the New York Court of Appeals denied the petitioner's application for leave to appeal. *People v. Smith*, 36 N.Y.3d 1059 (2021).

On October 27, 2020, the petitioner was transferred from state custody to New York City Department of Correction ("NYCDOC") custody on Rikers Island so that he could be resentenced. (SR: 450.) A virtual hearing took place on October 28, 2020 at which the petitioner's appellate counsel appeared, but the petitioner was not produced. (*Id.* at 341.) The resentencing was adjourned to a later date. (*Id.*)

On February 26, 2021, the petitioner, proceeding *pro se*, filed a state habeas corpus petition in Bronx County Supreme Court challenging his detention by the NYCDOC. (*Id.* at 300.) The petitioner argued that the NYCDOC did not have authority to detain him because he did not receive new commitment papers, was not re-arraigned, and was held on the charges in the original 2015 indictment. (*Id.* at 305-06, 314-15.) The petitioner also appeared to argue that the Second Department's modification of his conviction was improper because the lesser-included burglary and robbery charges against him had been dismissed.[3] (*Id.* at 315; ECF No. 1 at 7.) On March 30, 2021, the petitioner, represented by counsel, amended his state court habeas petition,

---

[3] This argument is similar to the double jeopardy argument the petitioner raises in his opposition. (*See* ECF No. 9 at 15.) However, under N.Y. Criminal Procedure Law § 300.40, "[a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted, but not an acquittal thereon." New York courts have held that modification of a conviction from greater to lesser included counts is legally proper. *See People v. Morris*, 73 A.D.2d 695, 696 (2d Dep't 1979) (holding that the reinstatement of a guilty verdict on lesser included charges after appellate court found there was insufficient evidence to support greater charges did not constitute double jeopardy).

4

and also submitted *pro se* filings. (SR: 342-46). The Bronx County Supreme Court dismissed the petition on April 7, 2021, noting that it had been withdrawn without prejudice. (*Id.* at 458.) The petitioner alleges that his appointed counsel withdrew his petition without his permission. (ECF No. 9 at 3.) On April 21, 2021, Judge Michelle A. Johnson resentenced the petitioner as a persistent violent felony offender to concurrent terms of 16 years to life for second-degree burglary, three and half to seven years for third-degree robbery, and two to four years for grand larceny and criminal possession of stolen property. (*Id.* at 295.) Following the sentencing procedure, the petitioner was transferred from Rikers Island back to New York State custody. (*Id.* at 488.)

On May 11, 2021, the petitioner appealed the dismissal of his Bronx County state habeas petition to the Second Department, which rejected the appeal for lack of jurisdiction. (*Id.* at 479, 487.) The petitioner then appealed to the Appellate Division, First Department on May 26, 2021. (*Id.* at 459-460, 479.) On June 7, 2021, the First Department rejected the petitioner's appeal because it was late. (*Id.* at 482.) The petitioner then sought leave to file a late appeal, which the First Department also denied on July 22, 2021. (*Id.* at 483.) On February 10, 2022, the Court of Appeals denied the plaintiff's application for leave to appeal because the "order sought to be appealed from does not finally determine the proceeding within the meaning of the Constitution." (*Id.* at 604.)

The plaintiff then appealed his sentence to the Second Department, which granted poor person relief and appointed him appellate counsel. *People v. Smith*, No. 2021-3444, 2021 WL 3282774, at *1 (2d Dep't July 30, 2021); (ECF No. 1 at 7 ("Petitioner was assigned to Legal Aid Society and has yet to perfect an Appeal.").) That appeal is pending.

The petitioner filed this petition on January 18, 2022, making the following claims: (1) that the burglary conviction was against the weight of the evidence; (2) that physical evidence should have been suppressed; (3) that he was denied a speedy trial under federal law; (4) that the Second Department misapplied the plain view doctrine; (5) that he was held illegally before his resentencing; (6) that he was denied due process; and (7) that his sentence as a persistent violent felony offender violated the Double Jeopardy Clause of the Constitution.  (*Id.* at 6-7.)

## LEGAL STANDARD

Before a petitioner can seek federal habeas corpus relief, he must exhaust the remedies available in the state court by giving the state courts a fair and full opportunity to review the merits of the claim.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (citing 28 U.S.C. § 2254(b)(1)).  A petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it."  *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (quoting *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005)).  "A claim is unexhausted when a litigant still 'has the right under the law of the State to raise, by any available procedure, the question presented' by the claim."  *Perez v. Miller*, No. 20-CV-2864, 2021 WL 4502472, at *2 (E.D.N.Y. Sept. 30, 2021) (quoting 28 U.S.C. § 2254(c)).  "By contrast, a claim is exhausted when a litigant has given 'the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'"  *Id.* (quoting *O'Sullivan*, 526 U.S. at 845.)

Moreover, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a "[one]-year period of limitation" for "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  As is relevant here, AEDPA provides that the limitation period will run from the "the date on which

6

the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1).

Finally, "[w]hen a habeas corpus petition includes both exhausted and unexhausted claims (a 'mixed petition'), the court usually should dismiss the petition so that the state courts can decide the unexhausted issues." *Trappler v. Russell*, No. 21-CV-343, 2021 WL 3773650, at *1 (W.D.N.Y. Aug. 25, 2021) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Alternatively, "when certain requirements are met, a court may stay a mixed petition and hold it in abeyance so that the petitioner can return to state court and exhaust the unexhausted issues." (*Id.*) However, if "the court determines that a stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278 (citation omitted).

## DISCUSSION

### I. The Petition Presents Both Unexhausted and Exhausted Claims

This petition presents both unexhausted and exhausted claims, and is thus "mixed." In the first four grounds of the petition, the petitioner challenges the legal sufficiency of the evidence, claims that physical evidence should have been suppressed, and that he was denied a speedy trial. (ECF No. 1 at 6-7.) The petitioner exhausted these claims on direct appeal. *Smith*, 187 A.D.3d at 944. The Second Department agreed that some of the physical evidence should have been suppressed, but that the error was harmless. The court also agreed that the evidence was insufficient to support the first-degree burglary and second-degree robbery counts and that he was improperly sentenced as a persistent violent felony offender. (*Id.*) The court rejected the other claims. (*Id.*) The New York Court of Appeals denied the petitioner's application for leave to appeal. *Smith*, 36 N.Y.3d at 1059. Accordingly, these claims have been exhausted within the

meaning of 28 U.S.C. § 2254(c).  *See, e.g.*, *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005) ("In New York, to invoke one complete round of the State's established appellate review process [and exhaust a habeas claim], a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." (internal quotation marks and citations omitted)).  While the petitioner may still be able to challenge his underlying conviction when he perfects his appeal of his resentencing, habeas petitioners "need not have invoked every possible avenue of state court review" to exhaust their claims.  *Galdamez*, 394 F.3d at 74; *see also Mercado v. Lempke*, No. 07-CV-9865, 2009 WL 2482127, at *5 n.4 (S.D.N.Y. Aug. 13, 2009) (holding that a habeas challenge to a conviction was exhausted despite a pending appeal of the petitioner's resentencing).

The petitioner's due process and Double Jeopardy claims, which arise from his resentencing, are not exhausted because the petitioner's direct appeal challenging the resentencing proceedings is currently pending in the Second Department.  *Smith*, 2021 WL 3282774, at *1.  Under these circumstances, the petitioner has not given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *See Perez*, 2021 WL 4502472, at *2 ("Because of this requirement of a complete round of appellate review, a litigant pressing claims under CPL § 440 exhausts those claims only if he not only presents his claims through a CPL § 440 petition, but also obtains a decision on those claims and then seeks leave from the New York Appellate Division to appeal the disposition that he wishes to pursue on habeas.").

**II.   Dismissal Without Prejudice is Appropriate**

In *Rhines*, the Supreme Court instructed that district courts should not dismiss mixed habeas petitions in their entirety if doing so "would unreasonably impair the petitioner's right to

8

obtain federal relief," 544 U.S. at 278. Since the petitioner's direct appeal of his 2021 resentencing is pending before the Second Department, *see Smith*, 2021 WL 3282774, at *1, AEDPA's one-year limitations period has not yet started. *See* 28 U.S.C. § 2244(d)(2). If New York courts do not grant the petitioner the relief he seeks upon direct appeal, he will still have over a year from the date the Appellate Division issues its decision to refile his petition in federal court. *See Tripathy v. Schneider*, 473 F. Supp. 3d 220, 235 (W.D.N.Y. 2020) ("Once the New York Court of Appeals denies leave to appeal, a petitioner has ninety (90) days in which to file a petition for a writ of certiorari with the United States Supreme Court seeking review of the state court's decision. Thus, a New York defendant's conviction becomes final ninety (90) days after the New York Court of Appeals denies leave to appeal.") (internal citations and quotation marks omitted).

Moreover, because the "final judgment in a criminal case means sentence," *Burton v. Stewart*, 549 U.S. 147, 156 (2007), the petitioner will be able to challenge both the resentencing and the underlying conviction once the Second Department rules on the petitioner's direct appeal. *See Walker v. Perlman*, 556 F. Supp. 2d 259, 262 (S.D.N.Y. 2008) ("a habeas petition filed more than five years after a state prisoner was convicted of a crime, but less than two months after a corrected sentence imposed on resentencing became final, was timely filed even though his habeas petition challenged only his underlying conviction and not the corrected sentence") (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292-93 (11th Cir. 2007)); *Mercado*, 2009 WL 2482127, at *3 ("The 'judgment' that triggered the one-year statute of limitations became final when the corrected sentence pursuant to which the prisoner was in custody became final, thereby making both his conviction and sentence final.").[4]

---

[4] For these reasons, the Court also concludes that the "stay and abeyance" procedure described in *Rhines* is not appropriate here. 544 U.S. at 275-77. In *Rhines*, the Supreme Court instructed that "stay and

9

The petitioner argues that he is not challenging his resentencing, but rather "appealing all the exhausted claims that [were] accumulated at the Queens Supreme Court, Bronx Supreme Court and all appeals thereafter to the highest State Court." (ECF No. 9 at 6.)[5] Construed liberally, the petitioner may intend to withdraw his unexhausted claims so that the Court may address the merits of his exhausted claims. *See Rhines*, 544 U.S. at 278 ("if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief"). However, elsewhere in his opposition, and in a later affidavit, the petitioner makes it clear he still wishes to challenge his conviction and resentencing. (ECF No. 12 at 4 ("[I]t is hard to conceive that Petitioner did not challenge his current conviction and sentence in Queens County.").) Thus, the court concludes that the petitioner has not yet agreed to abandon his unexhausted claims.

---

abeyance should be available only in limited circumstances . . . when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." (*Id.*) Moreover, the petitioner has not actually requested a stay in any of his papers.

[5] The claims the petitioner asserted in his state court habeas petition challenging his detention by the NYCDOC are moot since he is now in New York State custody. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."); *Gregory v. Ricigliano*, No. 12-CV-4372, 2014 WL 119475, at *6 (E.D.N.Y. Jan. 10, 2014) ("[C]ourts have held that when a state court criminal defendant brings an action in federal court seeking to enjoin any part of the state criminal proceedings, the federal action becomes moot once the state criminal case proceeds to judgment."); *see also Thorne v. Warden, Brooklyn House of Det. of Men*, 479 F.2d 297, 299 (2d Cir. 1973) (dismissing as moot habeas corpus claim disputing legality of pre-trial detention where complainant was since convicted and sentenced in state court proceedings); *Sekerke v. Gore*, No. 20-CV-1998, 2021 WL 5299851, at *2 (S.D. Cal. Oct. 8, 2021) ("Because Petitioner is specifically challenging conditions of confinement at San Diego County Jail and is seeking only release from County Jail as a remedy, his transfer to Wasco State Prison renders his request for habeas relief moot.").

10

## CONCLUSION

For these reasons, the respondent's motion is granted. The petition is dismissed in its entirety without prejudice so that the petitioner may fully exhaust his state court remedies.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       March 13, 2023